UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARY FOWLER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-160 |
| | § | |
| CHASE; aka J. P. MORGAN CHASE, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO REMAND

Plaintiff, Mary Fowler (Fowler) filed suit against JPMorgan Chase Bank, N.A. (Chase) and Gus Montis (Montis) seeking relief from a mortgage foreclosure by which Chase sold Fowler's home to Montis. D.E. 1-1. Chase removed the case to this Court on the basis of diversity jurisdiction, claiming that the non-diverse Defendant, Montis, was improperly joined. D.E. 1; 28 U.S.C. § 1332. Before the Court is Fowler's Motion to Remand (D.E. 3). For the reasons set out below, the Motion is GRANTED.

## NATURE OF THE CASE

According to Fowler's state court First Amended Petition (D.E. 1-1, pp. 51-56), the operative pleading for this removal decision, William and Dorothy Bower purchased the home at 7209 Candy Ridge Road, Corpus Christi, Texas (the Property) on or about March 3, 1995 by borrowing the purchase money from Chase.[1]  Dorothy Bower died in

---

[1] The pleading is not clear on whether Chase was the original mortgagee or is even the current holder of the note. Fowler alleges that Chase was the mortgage servicer at the times relevant to the case. The Court refers to Chase as the lender only for ease of understanding the basic claims of the case.

1999, leaving the Property to William Bower as her only heir. During his lifetime, William Bower kept the loan current.

William Bower married Fowler. When he died, Fowler inherited the Property, but defaulted on the loan. Chase foreclosed on the Property without notice to Fowler and Gus Montis (Montis) allegedly purchased the Property at the foreclosure sale without Fowler's knowledge. When Montis sought to remove Fowler from the Property, Fowler agreed to a lease that would give her more time to address the alleged foreclosure. Montis filed suit in August 2013 to have Fowler evicted. That matter is on appeal in state court.

Fowler filed this suit, alleging state law causes of action against Chase for (1) wrongful foreclosure for foreclosing without notice to her; (2) breach of contract for failure to credit all payments to the account, and for adding unauthorized charges to the account; (3) negligence for failure to properly handle a HAMP mortgage modification request; and (4) fraud for purporting to sell the Property with good title to Montis. Fowler sued Montis on the basis that Montis does not have good title to the Property and to eliminate his claims to it.

## STANDARD OF REVIEW

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*.

The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

## DISCUSSION

There is no dispute that Montis is a citizen of Texas and non-diverse. The Court's subject matter jurisdiction turns on whether Montis was properly joined as a Defendant. The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

Fowler argues that Montis is a necessary party because he bases his title to the Property on a foreclosure that Fowler seeks to invalidate. *See* Tex. R. Civ. P. 39(a)(2); *Allegro Isle Condominium Ass'n v. Casa Allegro Corp.*, 28 S.W.3d 676 (Tex. App.—Corpus Christi 2000, no writ) (considering property owners to be proper parties to disputes between others that affect the property). Chase complains that Fowler has not

stated a legal claim against Montis, such as a claim to quiet title or trespass to try title. Instead, her pleading only requests an injunctive remedy against him.

There can be no question that Fowler's claims against Chase could adversely impact Montis. Fowler's suit seeks to defeat Chase's right to foreclose and thus implicates the title sold to Montis. While Chase complains that Fowler has failed to allege her cause of action in terms of a suit to quiet title or trespass to try title, it is not within this Court's subject matter jurisdiction to adjudicate that dispute. Instead, that argument only shows that, if properly alleged, there is a possibility that Fowler may establish a cause of action against Montis as allowed under *Griggs*.

Fowler has alleged a claim that implicates Montis' title, has sought injunctive relief against him, and seeks to amend to make that claim in terms of a declaratory judgment action. Recognizing that Defendant Chase bears the burden of establishing jurisdiction and all doubts are to be resolved in favor of remand, the Court holds that Defendant has not established that there is no possibility that Fowler can establish a cause of action against Montis.

For the reasons set out above, the Court GRANTS Plaintiff's Motion to Remand (D.E. 3) and ORDERS this action remanded to the 117th Judicial District Court, Nueces County, Texas, the court from which it was removed. The Court further directs the Clerk to terminate all pending motions (D.E. 6, 14, and 17) as moot.

ORDERED this 21st day of July, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE